UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARIANNE GERSCHEL,

        Plaintiff,　　　　　　　　CASE NO. _____

- against -　　　　　　　　　　　　**COMPLAINT**

BANK OF AMERICA N. A.　　　　　　**JURY TRIAL DEMANDED**

        Defendant.

The Plaintiff, Marianne Gerschel (the "Plaintiff"), by her undersigned attorneys, alleges as follows:

## BACKGROUND FACTS

*The 1984 Trust*

1. Plaintiff is the current sole trustee of a trust established by Francois Voss, Philippe Meyer and General Trust Company dated October 4, 1984, as amended (the "1984 Trust").

2. Plaintiff is the sole current beneficiary of the 1984 Trust.

3. The 1984 Trust was established for her benefit by the settlors at the direction of her grandfather, Andre Meyer.

4. Defendant and its predecessors served as a trustee of the 1984 Trust from March 15, 2001 through May 18, 2011.

5. During the time that Defendant and its predecessors served as trustee of the 1984 Trust, and continuing thereafter, the 1984 Trust maintained an investment account with Defendant and its predecessors. ending in 2827 (the "1984 Trust Account").

{D0152969.2 }

6. Plaintiff is an authorized signatory on the 1984 Trust Account with authority to direct Defendant to take action in respect of the 1984 Trust Account.

7. In October, 2019, Plaintiff instructed Defendant to transfer all assets on deposit in the 1984 Trust Account to another bank account held by the 1984 Trust with Peapack-Gladstone Bank (the "1984 Peapack Account").

8. Defendant refused to transfer the assets on deposit in the 1984 Trust Account to the 1984 Peapack Account as instructed.

*The 1969 Trust*

9. Plaintiff is the current sole trustee of a trust established by Andre Meyer, her grandfather, dated April 18, 1969, as amended (the "1969 Trust").

10. Plaintiff is the sole current beneficiary of the 1969 Trust.

11. The 1969 Trust was created for the benefit of the Plaintiff.

12. Defendant and its predecessors served as a trustee of the 1969 Trust from March 28, 1988 through May 18, 2011.

13. During the time that Defendant served as trustee of the 1969 Trust and continuing thereafter, the 1969 Trust maintained an investment account with Defendant ending in 4036 (the "1969 Trust Account")

14. Plaintiff is an authorized signatory on the 1969 Trust Account with authority to direct Defendant to take action in respect of the 1969 Trust Account.

15. In October, 2019, Plaintiff instructed Defendant to transfer all assets on deposit in the 1969 Trust Account to another bank account held by the 1969 Trust with Peapack-Gladstone Bank (the "1969 Peapack Account").

16. Defendant refused to transfer the assets on deposit in the 1969 Trust Account to the 1969 Peapack Account as instructed.

*The 1950 Trust*

17. Plaintiff and Defendant are the current trustees of a trust established by Andre Meyer, plaintiff's grandfather, dated December 27, 1950, as amended (the "1950 Trust").

18. The 1950 Trust was created for the benefit of Plaintiff.

19. Plaintiff is the current income beneficiary of the 1950 Trust.

20. Defendant has informed Plaintiff that it wishes to resign as trustee of the 1950 Trust.

21. As a result of Defendant's refusal to transfer the assets of the 1984 Trust and the 1969 Trust as directed, Plaintiff has lost confidence in Defendant.

22. Plaintiff has agreed to the request of Defendant that it resign as a trustee of the 1950 Trust.

23. Defendant has advised Plaintiff that it is its position that, under New York law, Defendant may only resign as a trustee of the 1950 Trust if and when permitted to do so with the permission of a court.

24. Defendant has not resigned as a trustee of the 1950 Trust.

## **PARTIES**

25. The Plaintiff is an individual who is a citizen of New York.

26. The Defendant is a national banking association incorporated under the laws of Delaware with its principal place of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because of the diversity in citizenship of the parties and because the amount at issue in this action meets the jurisdictional amount of $75,000.

28. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts of the Defendant occurred within this District.

## FIRST CLAIM
## DEBT

29. Plaintiff restates the allegations of paragraphs 1 – 28 of this complaint as if fully set forth.

30. The 1984 Trust and 1969 Trust are creditors of Defendant.

31. Defendant has refused to pay over the account balances of each of the 1984 Trust account and 1969 Trust account despite demand.

## SECOND CLAIM
## BREACH OF FIDUCIARY DUTY AND REMOVAL OF TRUSTEESHIP

32. Plaintiff restates the allegations of paragraphs 1 – 31 of this complaint as if fully set forth.

33. S.C.P.A. §7-2.6 (a)(1) authorizes the court to accept the resignation of a trustee.

34. S.C.P.A. §7-2.6 (a)(2) authorizes the court to remove a trustee upon application of an interested party.

35. Defendant has breached its fiduciary duty to the Plaintiff by refusing to pay over the account balances of the 1984 Trust and the 1969 Trust and depriving Plaintiff from the benefit of these amounts, making Defendant unfit to continue to serve as trustee of the 1950 Trust.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, Plaintiff demands judgment:

a) For the full amount of the assets held in the 1984 Trust account, including all attorney's fees and costs charged to the account within six years from the date of this action;

b) For the full amount of the assets held in the 1969 Trust, including all attorney's fees and costs charged to the account within six years from the date of this action;

c) For the removal of Defendant as trustee of the 1950 Trust; and

d) For the full amount of the assets of the 1950 Trust held by Defendant, including all attorney's fees and costs charged to the account within six years from the date of this action;

e) For interest, costs and attorney's fees and such other and further relief as the court deems just and proper.

Dated: New York, New York
      July 7, 2020

Marianne Gerschel

By: _____
Lloyd De Vos (LD8129)
DE VOS & CO. PLLC
One Rockefeller Plaza
New York, New York 10020
Tel. (212) 786-1000
Fax (800) 223-1273
E-mail: Ldevos@devos-law.com

By: _____
Robert F. Ruyak (RR0913)
RuyakCherian LLP
1901 L Street NW, Suite 700
Washington, D. C. 20036
Tel. (202) 838-1560
E-mail: robertr@ruyakcherian.com