UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MARIANNE GERSCHEL,

             Plaintiff,

    - against -

BANK OF AMERICA, N.A.,

             Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 5217 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Marianne Gerschel ("Marianne") sued defendant Bank of America, N.A. (the "Bank") with respect to three trusts for which the Bank had served or currently serves as trustee. Only one of those trusts is implicated in the current motions to intervene: the trust settled on behalf of Marianne by her grandfather, Andre Meyer, in 1950 (the "1950 Marianne Trust").[1] In this action, Marianne seeks to remove the Bank as trustee of the 1950 Marianne Trust, leaving her as the sole remaining trustee. The motions before the Court are for leave to intervene brought by Mark Giannone ("Giannone") and Patrick Gerschel ("Patrick") - who are trustees of the 1950 Patrick Trust - and Philippe Gerschel ("Philippe"), Alexander Gerschel ("Alexander") and Andre Gerschel

---

[1] In addition to the 1950 Marianne Trust, in 1950, Meyer settled trusts for his other grandchildren (and Marianne's brothers) Patrick and Laurent (referred to herein as the "1950 Patrick Trust" and the "1950 Laurent Trust"). Later, he would settle two additional trusts for Marianne (referred to herein as the "1969 Marianne Trust" and the "1984 Marianne Trust"), which are also subjects of this litigation although not relevant to these motions.

("Andre") – who are trustees of the 1950 Laurent Trust.[2]  The 1950 Patrick Trust and 1950 Laurent Trust are the contingent remainder beneficiaries of the 1950 Marianne Trust.  For the following reasons, the motions to intervene are granted.

## BACKGROUND[3]

### 1. The 1950 Marianne Trust

As relevant to the Proposed Intervenors' motions, the 1950 Marianne Trust instrument provides that:

> [T]he Trustee shall pay to [Marianne] the entire net current income, in quarterly installments during her lifetime. . . .  Upon the death of [Marianne], this Trust herein created shall terminate and the Trustee shall pay over the principal thereof to the then surviving issue of [Marianne], in equal parts per stirpes.  In the event that [Marianne] shall leave no issue her surviving, the Trustee shall then divide the principal of the said trust estate into two equal parts and . . . shall distribute one such equal parts to the Trustee [of the 1950 Patrick Trust] . . . [and] shall distribute the other equal part of the said principal to the Trustee [of the 1950 Laurent Trust].[4]

To restate, Marianne is entitled to the income of the trust but has no entitlement to the principal.  As Marianne currently has no issue, the 1950 Patrick Trust and the 1950 Laurent Trust are contingent remainder beneficiaries of the 1950 Marianne Trust,

---

[2]    Collectively, we will refer to the movants as the "Proposed Intervenors."
[3]    The facts herein are drawn from Marianne's complaint and the declarations submitted in connection with the Proposed Intervenors' motions.
[4]    The 1950 Marianne Trust instrument is attached in full to the Declaration of Marshall A. Camp, ECF No. 19-2.

and, upon Marianne's death, would be entitled to the trust's principal.  Furthermore, in the event that either the 1950 Patrick Trust or the 1950 Laurent Trust terminates before Marianne's death, the portion of the principal owed to such trust shall be distributed in equal parts _per stirpes_ to the issue of the beneficiary of such trust.

The 1950 Marianne Trust instrument also provides for successors to the original trustee, naming several substitute individual trustees and allowing that if there remains a single named substitute individual trustee, that trustee is authorized to designate a bank or trust company to act as co-trustee or to succeed as sole trustee.  In 1988, Marianne's uncle, Phillipe Meyer, was the sole remaining substitute individual trustee of the 1950 Marianne Trust, and appointed the U.S. Trust Company of New York ("U.S. Trust") to act with him as co-trustee.  In 2006, U.S. Trust was acquired by the Bank, and the Bank and Marianne currently serve as co-trustees of the 1950 Marianne Trust according to Marianne's complaint.[5]

### 2. Procedural History of the Instant Action

Marianne filed her complaint against the Bank on July 7, 2020. ECF No. 1.  The Complaint alleges that the Bank breached its fiduciary duties to Marianne because it failed to turn over the

---

[5]    Neither the Complaint nor the motion papers make clear how Marianne succeeded to co-trustee of the 1950 Marianne Trust.

assets of the 1969 Marianne Trust and 1984 Marianne Trust and is therefore unfit to continue serving as trustee of the 1950 Marianne Trust.  The complaint therefore asks the Court to remove the Bank as trustee of the 1950 Marianne Trust and that the full amount of the assets held by the 1950 Marianne Trust be transferred to Marianne, who would then be the sole remaining trustee.  The complaint further states that, regardless, the Bank wishes to resign as trustee of the 1950 Marianne Trust but has advised that it believes it needs permission from a court to resign.

The Court scheduled an initial pre-trial teleconference for October 1, 2020 (the "October 1 Teleconference").  On September 28, 2020, the Bank filed a letter where it indicated that it intended to move for judgment on the pleadings as it did not oppose transferring the assets of the 1969 Marianne Trust and 1984 Marianne Trust to Marianne, and also did not oppose resigning as trustee of the 1950 Marianne Trust and transferring those assets to Marianne with court approval.  ECF No. 8.

On the day prior to the October 1 Teleconference, counsel for Patrick and Giannone, trustees of the 1950 Patrick Trust, appeared and submitted a letter asking for leave to file a motion to intervene under Fed. R. Civ. P. 24 and to participate in the upcoming conference.  ECF No. 10.  The letter indicated that if allowed to intervene, Patrick and Giannone would oppose the contemplated motion for judgment on the pleadings and/or move to

dismiss the case with respect to the 1950 Marianne Trust.

Counsel for Patrick and Giannone, as well as counsel for the trustees of the 1950 Laurent Trust – Philippe, Alexander and Andre – participated in the October 1 Teleconference. The Court determined that the proposed motion to intervene should be addressed prior to the Bank's proposed motion for judgment on the pleadings. We also indicated that the parties should address whether the Proposed Intervenors were necessary parties under Fed. R. Civ. P. 19, and how their joinder would affect the Court's jurisdiction, given that Marianne and Patrick are both residents of New York. On November 6, 2020 the Proposed Intervenors filed their motions.

## LEGAL STANDARD

A nonparty may intervene as of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A nonparty that seeks to intervene must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014)

(quoting "R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006)).  "While an applicant must satisfy all four requirements, this test 'is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria.'"  S&S Kings Corp. v. Westchester Fire Ins. Co., No. 16 Civ. 2016, 2017 WL 396741, at *1 (S.D.N.Y. Jan. 27, 2017) (quoting Tachiona ex rel. Tachiona v. Mugabe, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002)).

### DISCUSSION

**1. Intervention**

The parties do not dispute that the Proposed Intervenors' motion was timely filed.  Instead, Marianne asserts that the Proposed Intervenors do not have a valid interest in the action, as the instrument creating the 1950 Marianne Trust gives no role to the beneficiaries in the removal or selection of trustees. However, case law speaking directly on this issue unambiguously provides that beneficiaries including contingent remainders have an interest in proceedings to replace a trustee and therefore have a right to intervene.  In Ramm v. Allen, 118 A.D.3d 708, 709-10 (N.Y. App. Div., 2d Dep't., 2014), the court held that the proposed intervenor "as a contingent remainder of the subject trust, has standing to intervene in this proceeding . . . and a real and substantial interest in the outcome of the proceeding" "to remove

-6-

the father as trustee of the subject trust, to appoint the mother as the successor trustee, and for an accounting." This was so even when the father did not object to his removal as trustee, and the trust instrument explicitly named the mother as the successor trustee. See also In re Bellinger's Est., 35 A.D.2d 1078, 1078 (N.Y. App. Div., 4th Dep't., 1970) ("Where, as in this case, removal is sought on the ground of misconduct all persons having an interest in the administration of the trust should have an opportunity to be heard.").[6]

In its submission supporting intervention, the Bank points out that had Marianne brought her action in the New York Surrogate's Court instead of federal District Court, she would have had to provide notice to the Proposed Intervenors of her action to remove a trustee, and the Proposed Intervenors would have had the clear right to appear and contest the requested relief. See ECF No. 24; N.Y. Surrogate's Court Procedure Act § 304.

The realities of this case demonstrate plainly why remainder beneficiaries have an interest in the identity of the trustee. Marianne as co-trustee, who is only entitled to the income of the 1950 Marianne Trust, seeks to remove an independent corporate

---

[6]    While it is unclear whether the question of the Bank's alleged misconduct will ever enter into these proceedings, as both Marianne and the Bank want, albeit on different terms, for the Bank to resign as trustee of the 1950 Marianne Trust, the complaint nevertheless provides the Bank's alleged breach of fiduciary duty as a basis for removal.

trustee.  However, as sole trustee, Marianne would presumably have complete access to the principal of the trust.  As contingent beneficiaries to the principal, the 1950 Patrick Trust and 1950 Laurent Trust clearly have legitimate concerns about its preservation by a disinterested trustee.

The Proposed Intervenors have therefore established a sufficient interest in the proceedings, and the other requirements of intervention by right are easily met.  Their interest to participate and be heard in the removal of a trustee would tautologically be impaired if this Court were to dispose of the proceeding to remove the Bank as trustee without offering them an opportunity to participate and make their objections heard. Moreover, it is clear that the current parties to the action cannot adequately protect the Proposed Intervenors' interests.  The Bank so much as acknowledges this when it did not object to the Proposed Intervenors' motion, and indeed affirmatively urged the Court to grant intervention, presumably to ensure that it would not be at risk of violating any fiduciary duty by resigning.  ECF No. 24 at 1.  In any event, neither plaintiff nor defendant has an interest in advancing the Proposed Intervenors' stated position that Marianne, as the 1950 Marianne Trust's income beneficiary, should not be able to succeed to sole trustee of the same trust without identifying an uninterested corporate trustee to replace

the Bank.[7]  See Baliga on behalf of Link Motion Inc. v. Link Motion Inc., No. 18 Civ. 11642, 2020 WL 5350271, at *23 (S.D.N.Y. Sept. 4, 2020) (citing Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n.10 (1972)) ("[T]he Supreme Court has generally characterized a proposed intervenor's burden to demonstrate inadequacy of representation in the existing lawsuit as 'minimal.'").  For these reasons, pursuant to Rule 24(a), the Proposed Intervenors are entitled to intervene as of right in the action between Marianne and the Bank.[8]

## 2. Jurisdiction

At the October 1 Conference, it was brought to the Court's attention that Patrick is a citizen of New York – citizenship which he shares with Marianne.  The Court instructed the parties to address how this fact might or might not affect the Court's jurisdiction over this case.  For the following reasons, we

---

[7]     The Court makes no determination at this point whether the Proposed Intervenors can succeed in their opposition to Marianne's action – only that they be afforded an opportunity to oppose the action.

[8]     Marianne's remaining objections to intervention lack merit.  She first argues that intervention would be used to expand the scope of the case, but as is made clear by Proposed Intervenors' papers, Proposed Intervenors seek only to oppose the relief sought by Marianne with respect to the 1950 Marianne Trust.  The scope of the case is not expanded whatsoever by the intervention of the Proposed Intervenors.  Marianne's discussion of Article III standing is relatedly inapt.  "[A]n intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that requested by the plaintiff."  Town of Chester, N.Y. v. Laroe Ests., Inc., 137 S. Ct. 1645, 1647 (2017) (emphasis added).  Again, Proposed Intervenors merely intend to oppose the relief that Marianne requests.  There is no additional relief for the Court to consider.  Proposed Intervenors therefore have a right to intervene under Rule 24(a).  As such, the Court need not determine whether Proposed Intervenors are entitled to permissive intervention pursuant to Rule 24(b).

conclude that Patrick may intervene despite not being diverse to Marianne and that his intervention does not vitiate this Court's subject matter jurisdiction.  This result is reached by application of the principles of supplemental jurisdiction.

Under 28 U.S.C. § 1367(a), in civil actions where the district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to [the original] claims . . . that they form part of the same case or controversy . . . .  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  Under Section 1367(b), where a court's original jurisdiction is predicated solely on diversity – as is the case here – the court does not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 [intervention] of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

The limitations to the court's supplemental jurisdiction under Section 1367(b) do not prevent an intervening defendant from bringing counterclaims against plaintiffs, and courts routinely exercise supplemental jurisdiction over these claims.  See, e.g., Mayer Rosen Equities LLC v. Lincoln Nat'l Life Ins. Co., No. 14 Civ. 10087, 2015 WL 9660015, at *5 (S.D.N.Y. Dec. 9, 2015);

Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 727 F. Supp. 2d 256, 285 (S.D.N.Y. 2010). Likewise, courts retain jurisdiction where, as is the case here, intervening defendants do not raise affirmative counterclaims but seek to oppose the relief sought by plaintiffs. See Underpinning & Found. Skanska, Inc. v. Berkley Reg'l Ins. Co., 262 F.R.D. 196, 199 (E.D.N.Y. 2009) ("[T]he Court has supplemental jurisdiction over [intervening defendant]'s answer to [plaintiff]'s complaint under the provisions of Section 1367."); see also 6 Moore's Federal Practice § 24.22[2] (Matthew Bender 3d ed.) ("The movant who seeks to intervene only to defend a claim should not be prevented by § 1367(b) from using supplemental jurisdiction.").[9] Therefore, the Court may exercise supplemental jurisdiction over the Proposed Intervenors, including Patrick, and retain jurisdiction over the case.

Even if the Court were to lack jurisdiction over Patrick, it would not follow that the case must be dismissed for failure to

---

[9]    Because Marianne does not raise claims against the Proposed Intervenors themselves, we need not analyze whether the Court could maintain jurisdiction over such claims, but note that at least in certain circumstances, courts have retained jurisdiction over a plaintiff's original claims as those claims are newly applied to non-diverse intervening defendants. See Aristocrat Leisure Ltd., 727 F. Supp. 2d at 285 (finding that plaintiff was not precluded "from asserting its original declaratory judgment claims against [non-diverse intervening defendants] . . . because [plaintiff did] not assert any new claims against [intervening defendants]; rather [intervening defendants] merely [were] defending against [plaintiff]'s original claim"). But see UNI Storebrand Ins. Co., UK v. Star Terminal Corp., No. 96 Civ. 9556, 1997 WL 391125, at *4 (S.D.N.Y. July 11, 1997) (declining to exercise supplemental jurisdiction over intervenor where plaintiff's non-diverse claim "'substantially predominate[d]' over the claim which [gave the court] original jurisdiction").

join an indispensable party under Rule 19. Rule 19 establishes a two-part test for determining whether a court must dismiss an action for failure to join an indispensable party. See <u>Viacom</u> <u>Int'l, Inc. v. Kearney</u>, 212 F.3d 721, 724 (2d Cir. 2000). First, the court must ask whether the absentee is required under Rule 19(a). <u>Id.</u> Second, if the absentee is a required party, and if the absentee cannot be joined for jurisdictional or other reasons, the court must determine if the absentee is indispensable under Rule 19(b). <u>Id.</u> at 725. If the court determines that the absent party is indispensable, the action should be dismissed. <u>Id.</u>

While Patrick may be a "required party" under Rule 19(a),[10] the factors of Rule 19(b) would not warrant dismissal of the action. The Court would be able to exercise jurisdiction over each of the other Proposed Intervenors, including Patrick's co-trustee of the 1950 Patrick Trust, Giannone,[11] who is diverse to Marianne and who would presumably act consistently with Patrick's interest to maximize the size of the 1950 Patrick Trust. Moreover,

---

[10]     <u>See</u> <u>MasterCard Int'l Inc. v. Fed'n Inernationale de Football Ass'n</u>, No. 06 Civ. 3036, 2006 WL 3065598, at *1 (S.D.N.Y. Sept. 26, 2006), <u>aff'd sub</u> <u>nom.</u> <u>MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.</u>, 471 F.3d 377 (2d Cir. 2006) (quoting <u>Uni Storebrand Ins. Co.</u>, 1997 WL 391125, at *5) ("[T]he analysis for 'necessary' party and for intervention as of right under Rule 24(a) is essentially the same.").

[11]     Giannone is a resident of New Jersey. Because the Second Circuit has reasoned that trustees bring or defend against suits of traditional trusts in their own name, <u>see</u> <u>Raymond Loubier Irrevocable Tr. v. Loubier</u>, 858 F.3d 719, 730-31 (2d Cir. 2017), there does not appear to be a reason why Giannone cannot represent the interests of the 1950 Patrick Trust in his individual capacity as trustee in the absence of Patrick, barring some prohibition in the trust instrument.

the remaining intervenors' success or failure in opposing the action would equally affect Patrick's interests. <u>See</u> Fed. R. Civ. P. 19(b)(1); <u>see also</u> <u>Fed. Ins. Co. v. SafeNet, Inc.</u>, 758 F. Supp. 2d 251, 259 (S.D.N.Y. 2010) (quoting <u>Jaser v. New York Property Ins. Underwriting Assoc.</u>, 815 F.2d 240, 242 (2d Cir. 1987)) ("The Second Circuit has instructed district courts to take a 'flexible approach' to the Rule 19(b) analysis and has concluded that 'very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible.'"). For the reasons stated above, however, we retain jurisdiction over Patrick, which affords the parties the benefit of a comprehensive resolution to this case and prevents the risk of parallel litigation were Patrick not able to participate in this action.

## CONCLUSION

For the foregoing reasons, the Proposed Intervenors' motions to intervene are GRANTED.  The Clerk of Court is respectfully directed to terminate the motions pending at ECF No. 19 and ECF No. 20.

**SO ORDERED.**

Dated:    New York, New York
          April 26, 2021

_____
    NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE