```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
MARIANNE GERSCHEL,

                Plaintiff,                MEMORANDUM AND ORDER

           - against -                    20 Civ. 5217 (NRB)

BANK OF AMERICA, N.A.,

                Defendant.

-------------------------------X
PATRICK GERSCHEL AND MARK
GIANNONE, in their capacities
as trustees of the 1950 Patrick
Trust, ALEXANDER GERSCHEL,
ANDRE GERSCHEL, and PHILLIPE
GERSCHEL, in their capacities
as trustees of the 1950 Laurent
Trust,

Intervenor-Defendants.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Intervenor-Defendants Patrick Gerschel, Mark Giannone, Alexander Gerschel, Andre Gerschel, and Philippe Gerschel ("Intervenor-Defendants") have filed a motion predicated upon Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), requesting this Court to abstain from hearing this case. In the alternative, intervenor-defendants request a stay of this action pending resolution of a New York County Surrogate's Court ("Surrogate's Court") proceeding involving the same parties. For the following reasons, the motion is denied.

**BACKGROUND**

Plaintiff Marianne Gerschel ("Plaintiff") commenced this suit on July 7, 2020 against Bank of America, N.A. ("Bank of America") with respect to three trusts for which it served or currently serves as trustee. All of the issues related to two of the trusts have been previously resolved, leaving only the trust implicated by this motion: namely, the trust settled on behalf of plaintiff by her grandfather in 1950 (the "1950 Trust"). Plaintiff seeks to remove Bank of America as trustee for the 1950 Trust, leaving her as the sole remaining trustee. See Complaint ("Compl.") at 5.

On November 6, 2020, intervenor-defendants, who are remaindermen in the 1950 Trust, filed motions to intervene in this action. See ECF Nos. 19-20. The Court granted these motions to intervene on April 26, 2021. While the motions to intervene were pending, intervenor-defendants filed a verified petition in Surrogate's Court, New York County, on March 24, 2021, requesting relief related to all three trusts. With respect to the 1950 Trust, the Surrogate's Court petition alleged that plaintiff "directly and detrimentally effected [sic] the interests" of the intervenor-defendants by filing the federal action without notice to the intervenor-defendants and seeking to remove Bank of America as co-trustee. See ECF No. 49-1 at ¶¶ 12-15. Intervenor-

defendants have requested the Surrogate's Court to direct Marianne Gerschel to file an accounting and further requested orders related to Marianne Gerschel's status as trustee, the appointment of a temporary fiduciary, as well as an order preventing plaintiff from changing the situs of the trusts from New York. Id. at 20. On October 1, 2021, intervenor-defendants filed an affirmation of urgency in the Surrogate's Court, requesting that the court issue the citation and set a return date in an expedited manner. See ECF No. 49-2. On December 13, 2021, intervenor-defendants informed this Court that they had been requested to re-file their Surrogate's Court petition as three separate sub-petitions. See ECF No. 52. It is the Court's understanding that no additional progress has been made in that proceeding.

On August 19, 2021, the Court held a conference and requested the parties to present case management proposals. In their proposal, intervenor-defendants raised the issue of abstention. See ECF No. 40. Recognizing "the existence of longstanding authority that federal courts lack jurisdiction in probate proceedings," the Court requested that the parties address the issue of abstention as "a threshold issue" and granted leave to intervenor-defendants to file a motion for abstention.[1]  See ECF

---

[1]     The Court now recognizes that the specific "probate exception" to federal jurisdiction does not apply to the trust disputes at issue in this case.

No. 41.  Intervenor-defendants then filed this motion on October 15, 2021.  See ECF No. 48.

## DISCUSSION

### I.  Colorado Abstention

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  Colorado River, 424 U.S. at 817 (1976) (internal quotation marks and citation omitted).  This principle derives from the "virtually unflagging obligation" of federal courts to exercise their jurisdiction.  Id.  However, there are "exceptional circumstances" in which a federal court may choose to abstain from its duty to exercise its jurisdiction.  Id. at 813, 817.  Judicial determinations under this doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Id. at 817 (internal quotation marks and citation omitted).

A federal court may stay or dismiss a party's claims based on a determination first that the state and federal actions are "parallel" and second that the six-factor test articulated in Colorado River weighs in favor of abstention.  See DDR Const. Servs., Inc. v. Siemens Indus., Inc., 770 F. Supp. 2d 627, 644

(S.D.N.Y. 2011).  These factors are "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights."  Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001).  In evaluating the six factors, the court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).  The "task . . . is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exists 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction."  Id. at 25-26 (emphasis in original).

## II. The Federal and State Action are Parallel Under the Colorado River Doctrine

Before analyzing the Colorado River factors to determine whether abstention is appropriate, a court must first answer the threshold question of whether the two proceedings at issue are "parallel." Dittmer v. Cnty. Of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). In making this determination, the court looks to whether both actions involve "substantially the same parties . . . contemporaneously litigating substantially the same issue in another forum." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (internal quotation marks and citation omitted). "Complete identity of parties and claims is not required; the parallel litigation is satisfied when the main issue in the case is the subject of already pending litigation." GBA Contracting Corp. v. Fid. & Deposit Co. of Maryland, No. 00 Civ. 1333, 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001); Phillips v. Citibank, N.A., 252 F. Supp. 3d 289, 295 (S.D.N.Y. 2017) ("Perfect symmetry of parties and issues is not required.").

Given these principles, we find that the federal action and the Surrogate's Court action are parallel. First, the two

proceedings involve "substantially the same parties," as both plaintiff and intervenor-defendants are named parties in the Surrogate's Court proceeding and Bank of America is listed as an "interested party."² See ECF No. 49-1.³  Even without the inclusion of Bank of America, the actions would be parallel given that "complete identity of the parties is not required."  Pabco Const. Corp. v. Allegheny Millwork PBT, No. 12 Civ. 7713, 2013 WL 1499402, at * 2 (S.D.N.Y. Apr. 10, 2013) (internal quotation marks and citation omitted).

Second, the central issue in dispute is "substantially the same."  In this federal action, plaintiff requests that the Court either accept Bank of America's resignation as trustee of the 1950 Trust or order the removal of the Bank as trustee.  See Compl. ¶¶ 33-34.  Plaintiff further asks the Court to "issue an order . . .

---

² Interested parties are provided the opportunity to respond to the Surrogate's Court citation at the citation's return date.  See Matter of Plantone, 13 Misc. 3d 482, 484 (N.Y. Surr. 2006) ("Citations must give interested parties an adequate basis to determine whether or not to make an appearance in, and possibly contest, the proceeding.").

³ Plaintiff argues that the two actions are not parallel "based on [the] single, conclusive fact" that the parties are not identical. See Plaintiff's Opposition to Motion by Intervenor-Defendants for Abstention at 9.  Were we to accept this premise, which we do not, plaintiff's cited cases do not support her position.  Both cases concern situations in which the federal proceeding included federal claims not present in the state action.  See Merrill Lynch, Pierce, Fenner & Smith v. Young, No. 91 Civ. 2923, 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) (finding the two proceedings in question not to be parallel where the federal action included a federal RICO cause of action and many defendants not present in the state action); In re Comverse Tech., Inc. Directive Litig., No. 06 Civ. 1849, 2006 WL 3193709, at *3 (E.D.N.Y. Nov. 2, 2006) (proceedings deemed not to be "parallel" where the federal action concerned, among other claims, federal securities claims).

directing that the Bank transfer the assets of the 1950 Trust in its custody to an account designated by Plaintiff as remaining trustee." See ECF No. 35 at 1-2.  In the Surrogate's Court action, intervenor-defendants ask that plaintiff "as the 1950 Marianne Trust's income beneficiary, should not be able to succeed to sole trustee of the same trust without identifying an uninterested corporate trustee to replace the bank."  See ECF No. 30 at 8-9. Thus, the requested relief here is in direct conflict with and overlaps intervenor-defendants' position.

Without question the Surrogate's Court action is broader, as it concerns claims related to multiple trusts.  However, the core of the claims related to the 1950 Trust are allegations that plaintiff breached her duties as trustee by filing the federal action and seeking to remove Bank of America as a co-trustee.  See ECF No. 49-1 at ¶¶ 12-15.  Intervenor-defendants further seek an order preventing plaintiff from changing the situs of the Marianne Trusts (including the 1950 Trust) from New York.  Id. at 20.  In order to resolve these disputes, the Surrogate's Court will necessarily have to address the question of whether plaintiff can seek to remove Bank of America "without identifying an uninterested corporate trustee to replace the bank," regardless of whether it must also rule on additional claims related to the trust.  See ECF

No. 30 at 8-9.

### III. The Colorado River Factors Weigh in Favor of Retaining Jurisdiction

Having found that the federal and Surrogate's Court proceedings are parallel for purposes of Colorado River, we now turn to the six-factor test to determine whether abstention is appropriate, recognizing that our analysis of the factors must be "heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp., 460 U.S. at 16.  A review of these factors supports our conclusion that abstention is not warranted.

#### a. The First Two Factors: Jurisdiction Over a Res and Inconvenience of the Federal Forum

The first two Colorado River factors, the presence of a res over which a court has exercised jurisdiction and the inconvenience of the federal forum, do not apply in this case.  No court has taken jurisdiction over any res and the federal and state courts are equally convenient to the parties. Accordingly, the first two factors weigh against abstention.  See Woodford, 239 F.3d at 523 ("[T]he absence of a res and the equivalent convenience of the federal forum are factors that favor retention of jurisdiction [by the federal court]."); Remigio v. Kelly, No. 04 Civ. 1877, 2005 WL 1950138, at *13-14 (S.D.N.Y. Aug. 12, 2005) (same).

#### b. Avoidance of Piecemeal Litigation

The third factor, often considered "the most important

-9-

factor," Iacovacci v. Brevet Holdings, LLC, 437 F. Supp. 3d 367, 377 (S.D.N.Y. 2020), is the danger of piecemeal litigation. Courts primarily abstain based on this factor in situations in which there is "a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." Woodford, 239 F.3d at 524. However, the "mere potential for conflict in the results of the adjudications, does not, without more, warrant staying [the] exercise of federal jurisdiction." Colorado River, 424 U.S. at 816. "Abstention is more appropriate where the parties to both suits are not identical because there is a possibility that the parties who are not bound by the prior judgment may cause inconsistent judgments in subsequent lawsuits." Shields v. Murdoch, 891 F. Supp. 2d 567, 582-83 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, there is no reason to believe that the principles of res judicata and collateral estoppel will be ineffective in preventing any inconsistent outcomes between this action and the Surrogate's Court action. This action concerns a determination of whether Bank of America can be removed, or resign, as trustee of the 1950 Trust. See Compl. at 5. Any final decision issued by this Court can be used in the Surrogate's Court proceeding and will be binding on the parties, regardless of whether there are

additional issues to be resolved. See, e.g., Matter of Josey v. Goord, 9 N.Y.3d 386, 389 (N.Y. 2007) ("The doctrine of res judicata precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter.'") (citation omitted); Curley v. Bon Aire Props., Inc., 124 A.D.3d 820, 822 (2d Dep't 2015) ("'The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue.'")(citation omitted).[4] In the context of the Colorado River doctrine, "[t]here is no bar against parallel in personam actions proceeding in two or more courts . . . Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by application of the principles of res adjudicata." Woodford, 239 F.3d at 525 (internal quotation marks and citation omitted). Furthermore, the existence of duplicative litigation is a problem of intervenor-defendants' own creation, as they filed their action second, "creating the very parallel litigation about

---

[4]  We note that intervenor-defendants themselves argue that the same parties and issues are present in both proceedings. See Intervenor-Defendants' Reply in Support of Motion for Abstention (ECF No. 51) at 2-5.

which they now complain." CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, No. 14 Civ. 6566, 2014 WL 7399040, at *4 (S.D.N.Y. Dec. 29, 2014). Accordingly, this factor weighs against abstention.

### c. The Order in Which Jurisdiction was Obtained

The fourth factor considers "the chronological order in which the actions were filed." De Cisneros v. Younger, 871 F.2d 305, 308 (2d Cir. 1989). However, the Supreme Court has clarified that "the test [is not] a race to the courthouse," and instead examines "the relative progress of the federal and state proceedings." Id. This action was commenced by plaintiff on July 7, 2020. See Compl. (ECF No. 1). While there have been no motions made on the merits and no discovery has been conducted, the case has advanced over the past year and a half. Meanwhile, the Surrogate's Court proceeding was initiated by the intervenor-defendants on March 24, 2021. See ECF No. 49-1. Intervenor-defendants further notified the Court on December 13, 2021 that the Surrogate's Court had requested them to refile their verified petition as three separate petitions. See ECF No. 52. The Court is unaware of any further progress that has occurred in the Surrogate's Court proceeding. Given the advancement in progress in the federal proceeding, and considering there has been no advancement in the Surrogate's Court

proceeding and it is not clear that it has even formally commenced, we find that this factor weighs slightly against abstention.

        d. <u>Whether Federal or State Law Supplies the Rule of Decision</u>

The fifth factor addresses whether state or federal law supplies the rule of decision.  Without question, this diversity action raises only state law claims and the Trust Indenture is governed by New York law.  <u>See</u> Decl. of Marshall A. Camp in Support of Patrick Gerschel and Mark Giannone's Motion to Intervene, Ex A. at 13 (ECF No. 19-2).  While the absence of federal claims weighs slightly in favor of abstention, it "does not strongly advise dismissal," as "the state law issues are [not] novel or particularly complex."  <u>Village of Westfield v. Welch's</u>, 170 F.3d 116, 124 (2d Cir. 1999); <u>see Sharon Steel Corp. v. Chase Manhattan Bank, N.A.</u>, 691 F.2d 1039, 1049 (2d Cir. 1982) ("Interpretation of indenture provisions is a matter of basic contract law.").  Here, the interpretation of the provisions needed to resolve the central dispute in this case is not out of the ordinary and does not present an exceptional challenge.  Moreover, "[a]s all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction." <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 F.2d 205, 211 (2d Cir. 1985).  Thus, while we acknowledge that the factor weighs in

favor of abstention, it does so minimally.

  e. Protection of Plaintiff's Rights in the State Forum

The final Colorado River factor examines whether "the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Village of Westfield, 170 F.3d at 121. Specifically, the court looks to whether "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Memorial Hosp., 460 U.S. at 28. The Court does not doubt that the Surrogate's Court is capable of protecting plaintiff's substantive rights and providing a fair forum to resolve the parties' disputes. Therefore, this factor weighs in favor of abstention.

## CONCLUSION

Our review of the Colorado River factors counsels against abstaining from adjudicating plaintiff's claims, particularly in light of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River Water Conservation Dist., 424 U.S. at 817. The balance of the factors weighs against abstention. While two factors weigh in favor of abstention, they do so only slightly, and "[n]o one factor . . . [is] necessarily determinative." Id. at 818-19. Therefore, we

-14-

deny intervenor-defendants' motion for abstention.

For the reasons set forth above, intervenor-defendants' motion for abstention or stay is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 48. The Court will schedule a conference on March 7, 2022 at 2:00 p.m to discuss the next stage of this litigation.

**SO ORDERED.**

Dated:   New York, New York
         February 18, 2022

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE