UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MARIANNE GERSCHEL,

                Plaintiff,

        - against –

BANK OF AMERICA, N.A.,

                Defendant.

------------------------------X
PATRICK GERSCHEL AND MARK
GIANNONE, in their capacities
as trustees of the 1950 Patrick
Trust, ALEXANDER GERSCHEL,
ANDRE GERSCHEL, and PHILLIPE
GERSCHEL, in their capacities
as trustees of the 1950 Laurent
Trust,

        Intervenor-Defendants.

------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 5217 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Marianne Gerschel ("plaintiff" or "Marianne") brought this action against defendant Bank of America, N.A. ("defendant" or "Bank of America,") seeking to remove Bank of America as a trustee of three trusts.  Plaintiff and defendant have resolved their issues regarding two of the three trusts.  The remaining trust, and the subject of this motion, is the trust settled by plaintiff's grandfather, Andre Meyer, in 1950 (the "1950 Trust").  The trustees for the contingent remainder beneficiaries of the 1950 Trust, Phillippe Gerschel, Alexander Gerschel, and

Andrew Gerschel (collectively "intervenors") sought and were granted leave to intervene in this action in order to protect the interests of the remaindermen.  See Gerschel v. Bank of America, No. 20 Civ. 5217, 2021 WL 1614344 (S.D.N.Y. Apr. 26, 2021).  Bank of America has filed a motion for summary judgment, seeking Court approval to resign as trustee of the 1950 Trust, subject to any conditions imposed by the Court.  For the following reasons, the motion is granted, subject to the conditions listed below.

**BACKGROUND**

Although the Court has previously set out many of the facts in this case in our April 26, 2021 and February 18, 2022 decisions, reported at 2021 WL 1614344 and 2022 WL 504229, respectively, we nonetheless summarize the relevant facts necessary to resolve this motion, drawn from the complaint filed on July 7, 2020 ("Compl."), ECF No. 1, and the materials submitted by the parties in connection with this motion.

**I.   The 1950 Trust**

On December 27, 1950, when plaintiff was three months old, Andre Meyer, plaintiff's grandfather, established the 1950 Trust (by executing a trust instrument) ("Trust Instrument").  See Statement of Undisputed Material Facts ("56.1") ¶¶ 1, 20.  The 1950 Trust was created for the "life-time benefit of Plaintiff,"

and as "the current income beneficiary," she will receive "the entire net current income [of the trust], in quarterly installments, during her lifetime." Id. ¶¶ 2-4.

Under the terms of the Trust Instrument, upon plaintiff's death, the 1950 Trust shall terminate, and the principal shall be paid to plaintiff's surviving issue in equal parts per stirpes. Id. ¶ 5.  Should plaintiff die without issue, as would presently be the case here, id. ¶ 6, the Trust Instrument states that the principal shall be divided into two equal parts and distributed to the trustees of the 1950 Trusts established for Patrick and Laurent Gerschel, plaintiff's brothers.  Id. ¶ 7.  The Trust Instrument further provides that in the event that the Patrick and Laurent 1950 Trusts have terminated with no surviving issue of either Patrick or Laurent Gerschel, the principal shall be transferred to The Andre and Bella Meyer Foundation, Inc.  Declaration of Peter Pangis ("Pangis Decl.") Ex. A at 3 (ECF No. 68).  Intervenors are the current trustees for the Patrick and Laurent Trusts. Id. ¶ 8.

Andre Meyer was the original trustee of the 1950 Trust, and the Trust Instrument delineates a line of succession of various individuals, described as Andre Meyer's friends, to serve as successor trustees.  See Pangis Decl. Ex. A at 9.  The Trust Instrument further provides that in the event that only a single

remaining substitute individual trustee remains, the remaining individual trustee is empowered to designate:

> a bank or trust company doing business in the City of New York, with a capital and surplus of at least $5,000,000, either to act as co-Trustee with him hereunder or to succeed him as Trustee upon his death, resignation or cessation to act for any cause.

Id. ¶ 16.

Pursuant to the Trust Instrument, an individual trustee may resign by notifying either a previously appointed successor trustee or the trust beneficiary. Id. ¶ 13. The Trust Instrument does not provide a similar mechanism for the resignation or removal of a corporate trustees, and thus Court approval is required before any corporate trustee may resign. Id. ¶ 14.

On December 10, 1971, with Court approval, Andre Meyer resigned as trustee and was succeeded by Philippe Meyer, Andre Meyer's son and plaintiff's uncle, Paul E. Taylor Jr., and Thomas F. X. Mullarkey, both friends of Andre Meyer. See Declaration of Marshall A. Camp in Support of Response by Intervenor-Defendants to Defendant Bank of America's Motion for Summary Judgment ("Camp Decl.") Ex. B at 1 (ECF No. 74-2). On March 8, 1972, the Trust Instrument was amended to allow a sole remaining trustee to appoint an individual trustee as co-trustee or successor trustee. See 56.1 ¶ 17. On August 9, 1985, Paul E. Taylor, Jr. and Thomas F.

-4-

X. Mullarkey resigned as trustees, leaving Philippe Meyer as the sole trustee.  See Camp. Decl. Ex. B at 2.  On December 31, 1985, Philippe Meyer reappointed Thomas F. X. Mullarkey as co-trustee and appointed Joseph Erdman as an additional co-trustee, which positions they both accepted on January 14, 1986.  Id.  On March 28, 1988, Thomas F. X. Mullarkey and Joseph Erdman resigned as trustees, and Philippe Meyer appointed the United Trust Company of New York, later acquired by Bank of America, as co-trustee and reappointed Joseph Erdman.  Id. at 8.  On August 5, 1991, Joseph Erdman resigned as co-trustee.  Id. at 15.  On May 26, 1999, Philippe Meyer designated Robert Heberlein as a successor trustee, rather than co-trustee, to take office upon Philippe Meyer's death or resignation.  Id. at 12.  On July 1, 1999, plaintiff was appointed co-trustee, which she accepted on August 5, 1999.  Id. at 17, 18.  In November 2007, Philippe Meyer died, leaving plaintiff and Bank of America as co-trustees.  See Camp Decl. Ex. C at 4 (ECF No. 74-3).  On February 10, 2012, plaintiff appointed Andrew W. Heymann, Esq., her attorney, as co-trustee.  Id.; Bank of America March 1, 2022 Pre-Conference Statement (ECF No. 60) at 3.  On July 23, 2019, at plaintiff's request, Mr. Heymann resigned as co-trustee.  Id.  Thus, the current trustees of the 1950 Trust are plaintiff and Bank of America.  See 56.1 ¶ 9.

-5-

## II.  Procedural Posture

On July 7, 2020, plaintiff commenced this suit seeking to remove Bank of America as trustee for the 1950 Trust.  If the relief sought was granted, plaintiff would have been the sole remaining trustee.  See Complaint ("Compl.") at 5.  On November 6, 2020, intervenors filed motions to intervene, which were granted by the Court on April 26, 2021.  See ECF Nos. 19, 20, 30.  On October 29, 2021, intervenors filed a motion to dismiss the complaint for lack of jurisdiction.  See ECF No. 48.  On February 18, 2022, the Court denied intervenors' motion and scheduled a pre-motion conference to discuss the next stage of the litigation.  See ECF No. 55.  On March 7, 2022, the Court held a conference in which the parties expressed their desire to resolve the action by a summary judgment motion to be filed by Bank of America and responded to by plaintiff and intervenors.  On April 26, 2022, Bank of America filed the pending motion for summary judgment.  See ECF No. 67.

### STANDARD OF REVIEW

Summary judgment is properly granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "A genuine issue of material fact exists if 'the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" _Nick's Garage, Inc. v. Progressive Cas. Ins. Co._, 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248 (1986)).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," as well as the basis for any absence of material fact in dispute.  _Celotex Corp. v. Catrett_, 477 U.S. 317, 323 (1986).  Courts must "construe the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor."  _Gilman v. Marsh & McLennan Cos., Inc._, 826 F.3d 69, 73 (2d Cir. 2016).

## DISCUSSION

No party objects to the resignation of Bank of America as trustee, and all parties agree that in the absence of a mechanism in the Trust Instrument for a corporate trustee to resign, Court approval is required.[1]  The parties' agreement ends there. Plaintiff seeks to appoint an individual trustee as a successor to Bank of America, and opposes the imposition of conditions on Bank of America's resignation.  _See_ Marianne Mot. at 2-4.  Intervenors,

---

[1]    _See_ Bank of America Memorandum of Law ("BOA Mot.") at 3 (ECF No. 63-2); Joinder of Plaintiff Marianne Gerschel in Defendant Bank of America's Motion for Summary Judgment ("Marianne Mot.") at (ECF No. 69)[1]; Memorandum of Law in Support of Response by Intervenor-Defendants to Defendant Bank of America's Motion for Summary Judgment ("Intervenors' Mot.") at (ECF No. 73).

on the other hand, maintain that the appointment of an independent corporate trustee is needed as a condition of Bank of America's resignation.  See Intervenors' Mot. at 16.  Bank of America, which takes no position on whether a successor trustee or co-trustee should be appointed, does not object to the Court imposing conditions on its resignation.[2]  See BOA Mot. at 4.

## I.   Analytical Framework

The overriding legal consideration guiding our resolution of all the specific issues presented is the "best interests" of the 1950 Trust.  That principle, along with several others, guides our resolution of the pending motion.

### a. Legal Considerations

#### 1. "Best Interests" of the 1950 Trust

The requirement to act in the "best interests" of the 1950 Trust is triggered by Bank of America's request to resign and the issue of whether to impose conditions on its resignation.  The New York Estates, Powers, and Trusts Law ("EPTL") provides courts with the authority to "accept [the] resignation and to discharge [a trustee]" upon application.  EPTL 7-2.6(a)(1).  Courts are also empowered "[i]n the case of the resignation of a trustee, to

---

[2]     Plaintiff styles her answering memorandum as a "Joinder" to Bank of America's motion for summary judgment.  This appellation is misleading or an effort at misdirection.  The fact is that there are clear differences between the positions of Bank of America and plaintiff.

appoint a successor trustee and, if there is no acting trustee, to cause the trust to be executed by a receiver or other officer under its direction." EPTL 7-2.6(a)(3). In deciding whether to accept the resignation of a trustee, "[t]he criterion is whether it would be in the best interest of the trust to allow the resignation." Margaret Valentine Turano, 2005 Supp. Practice Commentaries, McKinney's Cons Laws of NY, EPTL 7-2.6. We evaluate the "best interests" of the Trust based on the specific needs of the Trust and its beneficiaries. See, e.g., Matter of Hall, 275 A.D. 2d 979, 979-80 (N.Y. App. Div. 2000) (modifying lower court order removing a co-trustee based on "the circumstances of th[e] case," which included conflicts between the two co-trustees, and finding that "the court should have appointed an independent trustee in her place.").

## 2. Trustees' Obligations as Fiduciaries

Closely related to the "best interests" of the Trust principle is the requirement that all trustees abide by their fiduciary obligations. Under New York law, "[a] trustee, as a fiduciary, is bound by a duty of undivided and undiluted loyalty to the beneficiaries whose interests the fiduciary is appointed to protect." In re Mankin, 88 A.D.3d 717, 718 (N.Y. App. Div. 2011) (internal citation omitted). This standard "does not permit a

trustee to create or to occupy a position in which he has interests to serve other than the interest of the trust estate." Sankel v. Spector, 33 A.D.3d 167, 171 (N.Y. App. Div. 2006). Thus, a trustee is prohibited "from even placing himself in a position of potential conflict with his or her duty to the trust." Id. at 172 (internal quotation marks and citation omitted). This rule prevents a fiduciary from "blatant self-dealing, [as well as] avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty." Id. (internal quotation marks and citation omitted); see also Restatement Second of Trusts § 170 ("A trustee is in a fiduciary relation to the beneficiary and as to matters within the scope of the relation he is under a duty not to profit at the expense of the beneficiary and not to enter into competition with him without his consent."); Matter of Wallens, 9 N.Y.3d 117, 122 (N.Y. 2007) (same).

### 3. Plaintiff is an Interested Beneficiary

Our third consideration is plaintiff's position as an interested beneficiary, and the implications of her serving either as sole trustee or unilaterally appointing successor and co-trustees. Without the appointment of a successor trustee to Bank of America, plaintiff will become the sole trustee of the 1950

Trust.  Under the terms of the Trust Instrument, plaintiff is the Trust's lifetime income beneficiary, entitled only to the Trust's "net income," see 56.1 ¶ 3, with the principal of the Trust held to be paid to the remaindermen identified in the Trust Instrument. See Pangis Decl. Ex. A at 3.  "[A]s an interested beneficiary," plaintiff "does not participate in the original decision whether and in what amount to adjust principal and income."  ECF No. 60 at 3.  Thus, plaintiff's transition to the role of sole trustee would place her in a position to adjust both the principal and income in a manner to benefit herself at the expense of the Trust, thereby creating a potential conflict of interest.

### 4. Interests of the Remaindermen

Finally, given the language of the Trust Instrument, the "best interests" of the 1950 Trust also includes consideration of the trust's remaindermen.  Thus, when evaluating the parties' proposals, we not only consider the "best interests" of the Trust at the present time, but we also consider that the Trust Instrument provides for remaindermen with future interests in the principal of the Trust.  Besides seeking to avoid the inherent conflict of interest posed by an interested beneficiary serving as a sole trustee, we must also ensure that any appointed trustee recognizes their fiduciary obligation to the remaindermen and protects their

interests as well.

*b. Practical Considerations*

In addition to the aforementioned legal considerations, the positions of the parties must also be evaluated in a real-world context with recognition of the acrimonious relationship between plaintiff and the remaindermen.  Plaintiff has previously stated that she "has not had any positive relationship with other members of her biological family for decades and does not wish to have any such relationship."  Marianne Gerschel September 1, 2021 Case Management Letter (ECF No. 38) at 2.  Further, plaintiff has repeatedly opposed intervenors' participation in these proceedings, see ECF Nos. 26-1, 30.  Moreover, she chose to file this action in federal court rather than in Surrogate's Court, which as this Court previously noted would have required her "to provide notice to the Proposed Intervenors of her action to remove a trustee, and the Proposed Intervenors would have had the clear right to appear and contest the requested relief."  April 26, 2021 Memorandum and Order (ECF No. 30) at 7.  While plaintiff has not expressed an intent to invade the principal of the 1950 Trust or to prevent the intervenors from receiving the principal, the contentious relationship between the parties heightens the potential of a conflict of interest should plaintiff obtain direct

control over the principal of the Trust.

With all of these considerations in mind, we evaluate the parties' positions and proposals.

## II.  Plaintiff's Proposal

In an apparent effort to alleviate concerns regarding the potential for a conflict of interest should plaintiff become the sole trustee of the 1950 Trust, plaintiff has announced her intention to replace Bank of America with Frank Baglieri, a certified public accountant.[3]  See, ECF No. 46 at 15-16 ("Ms. Gerschel has appointed an independent certified public accountant, Mr. Frank Baglieri, as a trustee of the 1950 Trust with the appointment to take effect immediately upon the resignation of Bank of America."); ECF No. 56 at 2 ("Mr. Frank Baglieri, a certified public accountant, has agreed to serve as successor trustee to Bank of America and co-trustee with Ms. Gerschel as trustee of the 1950 Marianne Trust.").  This proposal represents a recent shift in plaintiff's position.  Despite her current claims

---

[3]     Plaintiff's arguments that Andre Meyer intended to give her sole control over the appointment of trustees are unsupported by the facts.  There is no indication from the language of the 1972 amendment to the Trust Instrument that Mr. Meyer intended to give plaintiff "the power, and choice to appoint trustees at her discretion, whether they be corporate or individual."  See Marianne Mot. at 3-4.  The amendment makes no reference to plaintiff.  Further, although the 1950 Trust began to pay plaintiff income distributions when she turned 21 years old in 1971, she was not even appointed as a co-trustee until she was 49 years old on July 1, 1999.  See Camp Decl. Ex. B at 17.  Moreover, Andre Meyer was not alive at the time of her appointment.

to the contrary, plaintiff has repeatedly indicated to the Court
that she wishes to be the sole trustee of the 1950 Trust.  See
Compl. at 5 (seeking "removal of [Bank of America] as trustee of
the 1950 Trust"); Gerschel, 2021 WL 1614344 at *1 ("In this action,
Marianne seeks to remove the Bank as trustee of the 1950 Marianne
Trust, leaving her as the sole remaining trustee."); ECF No. 38
("There is no vacancy in the office that must be filled [if Bank
of America resigns as trustee.]  Ms. Gerschel has been named as a
trustee under the terms of the 1950 Marianne Gerschel Trust and
continues to serve diligently in that capacity.").  In fact, the
first time that plaintiff informed the Court of her intention to
appoint Mr. Baglieri as a trustee was in her opposition papers to
intervenors' motion to dismiss, filed on October 29, 2021, over 16
months after commencing this action.  See ECF No. 46 at 15.  As
such, we analyze plaintiff's proposal in the context of her
longstanding position in this case.

Intervenors object to the appointment of Mr. Baglieri as a
replacement for Bank of America for two reasons.  First, the Trust
Instrument allows plaintiff to potentially remove an individual
trustee without the need for Court approval, thus leaving her as
the sole trustee, and second, Mr. Baglieri has a prior relationship
with plaintiff and thus will not function as an independent

-14-

trustee.  See Intervenors' Mot. at 14-16.

Intervenors' first argument is supported both by plaintiff's actions and the language of the Trust Instrument, which states that an individual trustee may resign "at any time" without the necessity of judicial approval.  See Pangis Decl. Ex. A at 11. Plaintiff previously requested the resignation of her former attorney, a clear indication that she could request Mr. Baglieri resign in the future, even immediately after this decision is entered, without needing Court approval.  See ECF No. 60 at 3 ("Until 2019, there was a third co-trustee, Ms. Gerschel's former attorney Andrew Heymann, whom Ms. Gerschel asked to resign as a co-trustee in 2019."); Camp Decl. Ex. C (ECF No. 74-3).  Thus, the appointment of an individual trustee does not address the Court's concern regarding the conflict of interest presented by an interested beneficiary serving as the sole trustee of the 1950 Trust.

Intervenors also highlight Mr. Baglieri's prior connection to plaintiff, as he served as the certified public accountant for plaintiff's private charitable foundation.  See Intervenors' Mot. at 15.  Given that plaintiff previously appointed and dismissed her former attorney as a co-trustee, plaintiff's request to appoint another one of her agents, without disclosing their prior

-15-

relationship to the Court, heightens the concern that Mr. Baglieri will not operate in an independent fashion and will not serve to protect the "best interests" of the trust.

Further, the appointment of plaintiff's agents as trustees is a clear break from the line of independent trustees who have previously served.  Trustee succession documents for the 1950 Trust show that, until 2012 when plaintiff appointed her attorney has a co-trustee, the individual co-trustees of the 1950 Trust were either family members or friends of Andre Meyer or Philippe Meyer. See Camp Decl. Ex. B.  In fact, plaintiff has had no say in the appointment of trustees for much of her adult life, as she was not appointed a trustee until 1999.  This history undermines her argument that the Trust Instrument was drafted with the intention of providing her with the final authority to appoint trustees. Therefore, we deny plaintiff's two proposals: her initial request to serve as sole trustee and her recent proposal to appoint Mr. Baglieri, as insufficient to protect the Trust's "best interests" and to replace an independent corporate trustee.

**III. Intervenors' Proposal**

Having rejected plaintiff's proposals, we now turn to the intervenors' proposal.  Intervenors request that the Court condition Bank of America's resignation on the appointment of a

successor independent corporate trustee in order to avoid potential conflicts of interest.[4] See Intervenors' Mot. at 7-16. We concur.

The appointment of an independent corporate trustee addresses all of the legal and practical considerations in this case. Our analysis is driven by the "best interests" of the Trust, which include the interests of the remaindermen. First, as a corporate entity, there is no likelihood of "personal interest possibly conflict[ing] with the interest of those owed a fiduciary duty," and the potential for self-dealing or other violations of fiduciary obligations is minimized. Sankel, 33 A.D.3d at 172. Additionally, as previously explained, under the terms of the Trust Instrument a corporate trustee can only be removed with Court approval. See 56.1 ¶ 14. Therefore, appointing a corporate trustee alleviates the concerns discussed above regarding the potential for an interested beneficiary to remove an individual trustee at will. Moreover, an independent corporate trustee, similarly to Bank of

---

[4]   Plaintiff cites to Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) to argue that intervenors "are limited to the claims and issues that are present in the case into which they sought intervention," and therefore cannot request to impose conditions on Bank of America's resignation. Reply of Plaintiff Marianne Gerschel in Support of Defendant Bank of America's Motion for Summary Judgment ("Marianne Reply") at 2. Washington Elec. Co-op., Inc. is inapposite, as it concerns the review of a decision by a district court to deny a motion to intervene. Here, the Court has granted intervenors motion to intervene, and thus "they are to all intents and purposes considered as original parties." New York Cent. R. Co. v. Lefkowitz, 19 A.D.2d 548, 548 (N.Y. App. Div. 1963).

America, will be sufficiently removed from the dispute between plaintiff and the intervenors such that there is little risk of a breach of fiduciary duty.

Plaintiff also fails to respond to intervenors' arguments explaining the benefits of appointing a successor independent corporate trustee in order to prevent potential conflicts of interest. She fails to explain why appointing a corporate trustee would not be in the "best interest" of the Trust or would jeopardize her income distributions as the lifetime income beneficiary. Significantly, Bank of America served as a trustee for 32 years, without any apparent issue until recently. See Camp Decl. Ex. B at 8-10.

At no time in the history of the 1950 Trust was plaintiff ever in a position to be, or effectively act as, the sole trustee and thus be in a position to invade the principal of the trust. Plaintiff's position is contrary to her entitlement only to the income from the trust and to the potential detriment of the intervenors who are entitled to receive the principal of the trust upon Marianne's death. There is no support in either the history of the trust or its language for the position effectively advanced by Marianne that she should now be in such a position. Thus, we condition Bank of America's resignation upon the Court's approval

of an adequate independent corporate successor trustee nominated and consented to by all parties.

### CONCLUSION

Accordingly, for the reasons stated above, we grant Bank of America's motion for summary judgment and accept its resignation as trustee of the 1950 Trust, to be effective only after our approval of a successor independent corporate trustee. We direct both Bank of America and Marianne Gerschel to submit for the Court's consideration as a successor independent corporate trustee two Trust Departments of two banks or trust companies who meet the criteria of the Trust Instrument and agree to accept the position. The nominations should be accompanied by a description prepared by each proposed successor trustee of their qualifications. Such nominations should be submitted within 30 days. The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 67.

**SO ORDERED.**

Dated:   New York, New York
         August 16, 2022

                                   _____
                                   NAOMI REICE BUCHWALD
                                   UNITED STATES DISTRICT JUDGE